
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  vs.<br><br>EGDAR ERNESTO SANCHEZ-<br>ESTRADA,<br><br>    Defendant - Appellant. | No. 09-50320<br><br>D.C. No. 3:08-CR-03693- JLS-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted August 6, 2010[**]
Pasadena, California

Before:   KOZINSKI, Chief Judge, and WARDLAW, Circuit Judge, and SINGLETON, Senior District Judge.[***]

Edgar Sanchez-Estrada ("Sanchez"), a native and citizen of Mexico, appeals his

jury conviction for attempted entry after deportation in violation of 8 U.S.C. §

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable James K. Singleton, Senior District Judge for the District of Alaska, sitting by designation.

1326.

Sanchez raises three issues: 1) the district court improperly excluded the content of statements Sanchez made at the time of his detention as inadmissible hearsay; 2) the district court improperly admitted evidence of multiple prior instances of removal; and 3) the district court erred in denying Sanchez's motion for acquittal because the government did not establish specific intent.

Sanchez's statements to Agent Rosillo were not hearsay. Sanchez's defense was that he did not enter the United States with the specific intent to be free from official restraint. He sought to prove this by showing that he initiated the interaction with Agent Rosillo.

A statement that shows a declarant's state of mind is also exempted from the hearsay rule. In this case, Sanchez sought to show that he was seeking out official restraint by calling Agent Rosillo over to him and starting a discussion. What Sanchez said to Agent Rosillo was secondary to the fact the conversation took place. Such a use does not constitute hearsay. However, the exclusion of Sanchez's statements to Agent Rosillo was harmless because Sanchez was able to show that he called Agent Rosillo over to him and began a conversation.[1]

The district court properly held that Sanchez's statement that he was

---

[1] *United States v. Marguet-Pillado*, 560 F.3d 1078, 1081 (9th Cir. 2009) (citing *United States v. Chu Kong Yin*, 935 F.2d 990, 994 (9th Cir. 1991)).

"spooked" from methamphetamines was not admissible under Federal Rule of Evidence 803(3).[2] Sanchez's statement referred to his state of mind at the time he used the methamphetamine, not his state of mind at the time he made the statement to Agent Barron. Nor did the district court abuse its discretion by declining to admit Sanchez's statements to Agent Barron under Federal Rule of Evidence 807. The statements did not have sufficient indicia of trustworthiness because the statements were not made under oath or subject to the penalty of perjury.[3] Furthermore, the government's counsel did not have a meaningful opportunity to develop this testimony.

The government sought to introduce Sanchez's five prior removals as evidence of the fact Sanchez had been previously removed, as evidence of Sanchez's alienage,[4] as evidence that Sanchez acted with the knowledge he was crossing the border illegally, and as evidence that Sanchez had the specific intent to avoid official restraint.[5] Sanchez claims this introduction essentially amounted to

---

[2] Federal Rule of Evidence 803(3) provides that the hearsay rule does not exclude "[a] statement of the declarant's *then* existing state of mind, emotion, sensation, or physical condition" (emphasis added).

[3] *C.f. United States v. Sanchez-Lima*, 161 F.3d 545, 547 (9th Cir. 1998).

[4] *See United States v. Hernandez-Herrera*, 273 F.3d 1213, 1217-18 (9th Cir. 2001).

[5] *United States v. Leos-Maldonado*, 302 F.3d 1061, 1065 (9th Cir. 2002) (evidence that defendant had been deported previously relevant to prove specific intent under 8 U.S.C. § 1326).

3

improper character evidence, especially in light of Sanchez's counsel's "concession" that Sanchez was not a United States citizen and that he had been previously deported. Because Sanchez's counsel never stipulated or even offered to stipulate to previous removal or alienage, his concession was not binding on the government. The prior removals were offered to prove multiple elements of the crime. This evidence is especially probative because one of the prior removals took place at the Otay Mesa Port of Entry, the same port of entry where Sanchez was caught most recently. The government sought to show Sanchez crossed the border with the specific intent to avoid official restraint by demonstrating that Sanchez was familiar with the port and could have easily sought official restraint by approaching the authorities at the pedestrian entrance.

The district court did not err by denying Sanchez's motion for acquittal because the government submitted evidence that would allow a rational trier of fact to conclude that,[6] at the time Sanchez crossed the border, he had the specific intent to evade official restraint.[7] Sanchez crossed the border free from official restraint and under the cover of darkness. Sanchez was familiar with the Otay Mesa Port of Entry, which was open and staffed at the time Sanchez crossed the border. He

---

[6] *See United States v. Inzunza*, 580 F.3d 894, 899 (9th Cir. 2009) (discussing sufficiency of the evidence standard of review).

[7] *United States v. Lombera-Valdovinos*, 429 F.3d 927, 928-29 (9th Cir. 2005) (attempted illegal entry requires proof of specific intent to reenter free from official restraint).

scaled a fence topped with razor wire to gain access to a closed cargo entry point, which was the only entry point at the port that was closed and free from government officials.

**AFFIRMED.**