NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50370 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-05378-GPC-1 |
| v. | Southern District of California, San Diego |
| FABIAN HERNANDEZ-BENITEZ, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Gonzalo Curiel, District Judge, Presiding

Submitted March 2, 2021**
Pasadena, California

Before: SILER,*** HURWITZ, and COLLINS, Circuit Judges.

Fabian Hernandez-Benitez appeals his conviction under 8 U.S.C. § 1326 for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

attempted entry following removal. Hernandez argues that the prosecution misstated evidence, vouched for the government's case, and improperly urged the jury to draw propensity inferences from prior bad acts. He also claims cumulative error. We affirm.

1. To the extent that Hernandez did not offer specific objections below to the prosecution's statements he challenges on appeal, we review for plain error. *See United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990); *United States v. Endicott*, 803 F.2d 506, 513 (9th Cir. 1986). Reversal is warranted only if "(1) there was error; (2) it was plain; (3) it affected the defendant's substantial rights; and (4) viewed in the context of the entire trial, the impropriety seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Alcantara-Castillo*, 788 F.3d 1186, 1190–91 (9th Cir. 2015) (cleaned up). Given defense counsel's contemporaneous objection, we review for harmless error the prosecution's reference to the defendant's admission that he entered through "Johnny Wolf's." *See United States v. Flores*, 802 F.3d 1028, 1034 (9th Cir. 2015).

2. The evidence of Hernandez's guilt was overwhelming. On November 14, 2018, Border Patrol Agent Arturo Santos responded to a report that two people were running through Johnny Wolf's, an area near the Otay Mesa Port of Entry. Upon arrival at the area, Santos saw two individuals lying in the grass. After Santos exited his car, one ran to the Mexican border and scaled the fence; Santos detained

2

the other. The detainee identified himself as "Fabian Hernandez," said he was from Mexico, and told Santos he did not have documents to enter the United States. Santos immediately transported the detainee to the Chula Vista Border Patrol Station, where the detainee gave a videotaped statement two hours after his arrest. In the statement, which was introduced at trial, the detainee said his name was Fabian Hernandez-Benitez; he was a Mexican citizen who lacked documents to enter the United States legally; he had "jumped over the fence"—which he knew was a border fence—and "crossed through the hills" that day; and he planned to go to Arizona to work at Lake Havasu. He admitted that he had been removed from the United States three times before, and knew it was illegal for him to return. The agent who witnessed the statement identified Hernandez in court as the person interviewed. Immigration records introduced at trial showed that Hernandez had been removed twice in May 2018. A fingerprint examiner testified that Hernandez's fingerprints matched those on the immigration documents from the May 2018 removals. The jury returned a guilty verdict after less than an hour of deliberating.

3. Neither alleged misstatement of fact by the prosecution identified by Hernandez warrants reversal. When viewed in the context of the overwhelming evidence of guilt, the statements at issue—incorrect statements that Hernandez had told agents he entered at a specific area and that the apprehending agent had identified the individual whom he detained as "Fabian Hernandez-Benitez," not

3

"Fabian Hernandez"—did not affect the outcome.

4. Hernandez also claims the prosecution improperly vouched for the strength of the government's evidence at closing argument by stating: "It's not beyond any and all possible doubt, but the government embraces—there is no doubt in this case that the defendant was an alien with no permission to enter the United States." This ambiguous comment was not obvious vouching, and "we do not presume that the jury ascribed to [an ambiguous comment] its most damaging meaning." *Hein v. Sullivan*, 601 F.3d 897, 916 (9th Cir. 2010).

5. Hernandez alleges that the prosecution's opening and closing arguments violated Federal Rule of Evidence 404(b), by referring to his prior illegal entries and removals. But, the references to Hernandez's prior entries, which led to his prior removals, did not offend Rule 404(b) because the government had to prove the prior removals as an element of the crime. *United States v. Cruz-Escoto*, 476 F.3d 1081, 1088 (9th Cir. 2007). Similarly, the statement that Hernandez "knew that he had at least two years to wait until he could apply for another visa before he entered" on May 1, 2018 went to Hernandez's knowledge that he needed to be approved for entry, not his propensity to enter illegally. *See United States v. Diggs*, 649 F.2d 731, 737 (9th Cir. 1981), *overruled on other grounds*, *United States v. McConney*, 728 F.2d 1195 (9th Cir. 1984) (en banc). And, the prosecution's references to admissions made by Hernandez during prior removals that "he had no

right to be here" and "he had been previously removed" went to the offense elements of alienage and notice. *See United States v. Sanchez-Estrada*, 394 F. App'x 428, 430 (9th Cir. 2010).

6. Even assuming arguendo that the prosecution's reference to the manner of a prior entry was propensity evidence offered in violation Rule 404(b), any impropriety was not "so gross as probably to prejudice the defendant," *United States v. Navarro*, 608 F.3d 529, 535–36 (9th Cir. 2010) (cleaned up), given the strength of the government's case. Hernandez's videotaped statement conceded all the offense elements. *See United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1196 (9th Cir. 2000) (en banc). Moreover, Hernandez's fingerprints matched the fingerprints on documents from the prior removals.

7. For the reasons above, reversal is not warranted for cumulative error. *Cf. United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996).

**AFFIRMED.**